```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN CONRY                                    CIVIL ACTION

VERSUS                                        NO: 10-4599

GERALD DAUGHERTY AND THE HERB                 SECTION: R(1)
IMPORT COMPANY
```

### SUMMARY ORDER

Plaintiff John Conry filed a *pro se* complaint on December 22, 2010.[1] Conry filed an amended complaint on March 23, 2011.[2] The amended complaint alleges a RICO claim under 18 U.S.C. § 1962 related to the purchase and financing of real property located at 123 Fremont Street in New Orleans, Louisiana. On April 12, 2011, Conry filed an *ex parte* motion for a temporary restraining order seeking to prevent defendants from "pursuing the sale of the real property contested under this suit under executory process in the Civil District Court for the Parish of Orleans, State of

---

[1] (R. Doc. 1.)

[2] (R. Doc. 6.)

Lousiana."[3]

As a procedural matter, the Court may issue a temporary restraining order only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).  As a substantive matter, the Court may issue a temporary restraining order only if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause the opponent; and (4) the injunctive relief will not disserve the public interest.  *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir.1987); *Gerhart Industries v. Smith International, Inc.*, 741 F.2d 707, 710 (5th Cir.1984).

Conry has failed to demonstrate that he is entitled to a temporary restraining order.  Conry's two-page motion for a temporary restraining order does not set forth specific facts

---

[3]     (R. 3.)

showing that immediate and irreparable harm will result before defendants can be heard in opposition, and it also does not establish a likelihood of success on the merits.  Furthermore, Conry has not described any efforts to notify defendants of this motion, nor has Conry explained why they should not be required to do so.  For all of these reasons, the Conry's motion for a temporary restraining order is DENIED.

New Orleans, Louisiana, this 12th day of April, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE