```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN D. CONRY                                CIVIL ACTION

VERSUS                                       NO: 10-4599

GERALD DAUGHERTY AND THE HERB                SECTION: R(1)
IMPORT COMPANY
```

**ORDER AND REASONS**

In this RICO case, plaintiff John Conry moves the Court to sanction counsel for defendants under Rule 11 of the Federal Rules of Civil Procedure.[1] Because Rule 11 does not apply to filings made in state court, the Court DENIES Conry's motion.

**I.   Background**

Plaintiff John Conry filed a *pro se* complaint on December 22, 2010.[2] Conry filed an amended complaint on March 23, 2011.[3] The amended complaint alleges a RICO claim under 18 U.S.C. § 1962 and various state law claims related to the purchase and financing of real property located at 123 Fremont Street in New Orleans, Louisiana. Specifically, Conry alleges that he contracted to purchase a renovated home from Daugherty with Daugherty financing the $180,000 purchase price. Conry alleges

---

[1]   R. Doc. 10.

[2]   R. Doc 1.

[3]   R. Doc. 6.

that there were problems with the house, including the use of Chinese drywall in the renovation. Conry claims that Daugherty engaged in a "blackmail scheme" and made improper demands related to Conry's mortgage payments.

In January 2011, Daugherty filed a Petition for Executory Process in state court.[4] In the petition, Daugherty alleged that Conry had failed to make timely mortgage payments and had "fail[ed] to pay the interest installment due for January 1, 2010 and thereafter."[5] The state court granted Daugherty's petition.[6]

Conry now moves the Court to impose Rule 11 sanctions against defendants' attorneys based on the Petition for Executory Process defendants filed in state court.

## II.  DISCUSSION

Conry asserts that Rule 11 sanctions should be imposed because: (1) the Petition for Executory Process included false statements regarding when Conry made his last mortgage payment; and (2) defendants filed the petition in state court "with full knowledge that it should have been filed in this court because of this pending action."[7]

---

[4] R. Doc. 17-1, Ex. A.

[5] *Id.* at 2.

[6] *Id.* at 11.

[7] R. Doc. 10 at 2-3.

Rule 11 provides that when an attorney submits a pleading, motion or other paper to the court, he certifies to the best of his knowledge that (1) the filing is not presented for an improper purpose, such as to harass, cause unnecessary delay, or increase costs of litigation; (2) the filing is warranted by existing law or by a nonfrivolous argument for modifying or reversing existing law; and (3) the factual contentions have evidentiary support, or if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation.  Fed. R. Civ. P. 11(b).  But, "Rule 11 does not apply to filings made in state court." *Gulf S. Med. & Surgical Inst. v. Aetna Life Ins. Co.*, No. 05-30633, 2006 WL 394987, at *2 (5th Cir. Feb. 21, 2006); *see also Ferguson v. Sec. Life of Denver Ins. Co.*, 162 F.3d 1160, 1998 WL 792750, at *1 (5th Cir. Nov. 5, 1998) ("[W]e recently revisited the issue of whether rule 11 sanctions can be assessed against conduct that takes place in a state court.  They cannot."); *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998) ("There is no indication, in the text of the rule, that it applies to filings in any court other than a federal district court.").  Here, Conry's motion for Rule 11 sanctions is based solely on the Petition for Executory Process filed in state court.  Because Conry has offered no evidence of conduct in federal court that merits Rule 11 sanctions, the Court denies Conry's motion.

3

**III. CONCLUSION**

    For the foregoing reasons, plaintiff's motion for Rule 11 sanctions is DENIED.


    New Orleans, Louisiana, this __1st__ day of June, 2011.


    _____ *Sarah Vance* _____
          SARAH S. VANCE
    UNITED STATES DISTRICT JUDGE