UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN CONRY | CIVIL ACTION |
| VERSUS | NO: 10-4599 |
| GERALD DAUGHERTY AND THE HERB IMPORT COMPANY | SECTION: R |

**ORDER AND REASONS**

Before the Court is plaintiff John Conry's motion to reconsider and request for leave to amend.[1] Because Conry has not met the Federal Rule of Civil Procedure 59(e) or 60(b) standards warranting post-judgment reconsideration, and because affording leave to amend pleadings at this stage would be futile, the Court DENIES plaintiff's motion.

**I.   BACKGROUND**

The relevant background will be summarized only briefly; more extensive background can be found in this Court's June 22, 2011 order denying plaintiff's motion to strike, granting defendants' motion for judgment on the pleadings, and granting defendants' motion to dismiss interpleader.[2]

This case arises out of the purchase and financing of real property located at 123 Fremont Street in New Orleans, Louisiana.

---

[1]   R. Doc. 50.

[2]   R. Doc. 48.

Conry, the plaintiff buyer, alleges that in two discrete "Purchase Agreements" with Daugherty, Daugherty promised to spend at least $60,000 renovating the home and to use no substandard materials in those renovations. Conry claims that Daugherty made these promises and representations while intending to spend substantially less than $60,000 using substandard materials.

In September 2007, two months after the parties entered into an "Act of Sale" with Daugherty financing the $180,000 purchase price, Conry claims to have learned that Chinese drywall was used throughout the house. He claims to have moved out of the house in November 2009 upon learning of the health risks associated with Chinese drywall, and then to have renovated the house following Daugherty's representations that he would work with Conry on the mortgage payments.

Conry claims that Daugherty's subsequent efforts to reclaim the property, collect outstanding mortgage payments, and cause the sale of the property with a "Petition for Executory Process" in state court amounted to a "blackmail scheme." Conry asserted RICO claims under 18 U.S.C. § 1962(a) and (b), in addition to state law claims for negligence, fraud, conversion, and quantum meruit. He later filed a complaint in interpleader.[3]

On June 22, 2011, the Court ruled on a series of motions in which it, *inter alia*, granted defendants' motion for judgment on

---

[3] R. Doc. 14.

the pleadings.[4] Plaintiff now seeks reconsideration of that judgment, and seeks leave to amend his complaint.

**II.   MOTION TO RECONSIDER**

Conry cites both Federal Rules of Civil Procedure 59(e) and 60(b) in his request that the Court reconsider its judgment.[5] The Court will examine his request under both Rules.

   1.   **Rule 59(e)**

   A.   Standard

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). In exercising its discretion, the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Therefore, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Rule 59(e) motions

---

   [4]   R. Doc. 48.

   [5]   R. Doc. 50.

are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

B. <u>Discussion</u>

i. *Pattern of Racketeering Activity*

Conry alleges that Daugherty engaged in multiple acts of mail fraud, wire fraud and extortion in violation of the federal RICO statute, 18 U.S.C. §§ 1962(a) and (b). RICO claims under Section 1962 share three common elements: 1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct or control of an enterprise. *Abraham v. Singh*, 480 F.3d 351 (5th Cir. 2007) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). To allege a "pattern of racketeering activity," a plaintiff must show that the defendant committed two or more predicate offenses that (1) are related and (2) amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

In its June 22, 2011 order,[6] this Court explained that continuity is "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of

---

[6] R. Doc. 48 at 10.

repetition." *Id.* at 241. Open-ended continuity requires a "specific threat of repetition extending indefinitely into the future" or a showing "that the predicates are a regular way of conducting defendant's ongoing legitimate business." *Id.* at 242. A closed period of continuity does not require a threat of repetition, but does require a series of related predicates extending over a substantial period of time, *id.,* usually in excess of one year. *See, e.g., United States v. Hively*, 437 F.3d 752, 761 (8th Cir. 2006) (defining closed-ended continuity as related acts continuing over a period of time lasting at least one year).

   Throughout this case, plaintiff has failed to plead an open-ended pattern of racketeering activity: since the sale to Conry was complete, the alleged acts relating to the financed sale and debt collection of the single property did not project into the future with a threat of repetition; efforts to collect mortgage payments concluded with the state foreclosure proceedings; and there were no facts or allegations that the alleged predicate acts constituted defendants' "regular" way of conducting an ongoing legitimate business. So, too, did Conry fail to allege closed-ended continuity: the predicate acts that he alleged relating to the sale of the property occurred from January 2007 to April 2007, and the remaining acts alleged occurred from September 2010 to January 2011. The "sporadic and isolated

conduct" did not suffice to establish closed-ended continuity.[7]

Conry has attacked the reasoning of the Court by citing cases with facts that are entirely inapposite to those at issue here. For example, he cites *Singh*, 480 F.3d 351, and *Larco Towing, Inc. v. Newpark Drilling Fluids, LLC*, 2010 U.S. Dist. LEXIS 43566 (E.D. La. 2010), for the proposition that continuity is satisfied when there is no reason to believe that systematic victimization would not have continued indefinitely had suit not been brought. *Larco Towing* concerned allegations of a six-year ongoing employment fraud in which the defendant, providing contract labor to plaintiff, routinely added fictitious employees to each of its invoices and falsely claimed that each of those employees had worked an eighty-hour week. *Larco Towing*, 2010 U.S. Dist. LEXIS 43566, at *3-4. In denying plaintiff's motion to dismiss, the court distinguished cases that "addressed conduct that had an inherent and definite termination point and did not present a future threat of repetition." *Id.* at *7 (citing *Word of Faith*, 90 F.3d at 122-24). *Singh* involved a human trafficking scheme whereby plaintiffs were lured to Louisiana from India with promises of full-time employment. *Singh*, 480 F.3d at 353-54. Upon arrival, defendants confiscated their passports, housed them in poor conditions with little food, skimmed wages from those able to find employment, and demanded an additional $5,000 for already

---

[7] R. Doc. 48 at 13.

promised permanent resident status. *Id.* at 354. Defendants continued the scheme until plaintiffs filed suit, several years after coming to America. *Id.* The Fifth Circuit Court concluded:

> The Plaintiffs did not allege predicate acts "extending over a few weeks or months and threatening no future criminal conduct." Rather, they alleged that the Defendants engaged in at least a two-year scheme involving repeated international travel to convince up to 200 or more Indian citizens to borrow thousands of dollars to travel to the United States only to find upon their arrival that things were not as they had been promised . . . . Unlike our precedents identifying a single illegal transaction, there are multiple victims, and there is no reason to suppose that this systematic victimization allegedly begun in November 2000 would not have continued indefinitely had the Plaintiffs not filed this lawsuit.

*Id.* at 356.

These two cases are hardly analogous to Conry's. They did not concern discrete and isolated transactions, but systematic and routine occurrences over several years in furtherance of the same criminal plot. In both cases, had the defendants not been sued, the victimization by all accounts would have continued. Here, however, the underlying event remains a single real estate transaction. Plaintiff has tried to flesh out the few predicate acts - occurring over a few months on two different occasions - into 22 separate ones. Yet they all correspond to the same sale of the same piece of property, and the efforts to collect on that single debt owed. Any alleged criminal scheme is finished - not because Conry filed a lawsuit, but because foreclosure proceedings are underway. Plaintiff has alleged nothing new since the Court's order dismissing his complaint, and his rehashing of

old arguments in new dressings will not suffice.

   *ii. Injury Under Sections 1962(a) or (b)*

Not only must Conry demonstrate a pattern of racketeering activity, he must further assert damages within the scope of one of the four subsections of 18 U.S.C. § 1962. His RICO statement refers to claims under subsections (a) and (b), but nowhere does he allege injuries that satisfy the dictates of either subsection.

Subsection (a) requires that a plaintiff "allege an injury from the use or investment of racketeering income." *Singh*, 480 F.3d at 356. "An injury arising solely from the predicate racketeering acts themselves is not sufficient." *Id.* (quoting *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 925, 929 (5th Cir. 2002)). In all of his pleadings and motions to date, Conry has alleged only injury from the predicate racketeering acts themselves. He has therefore failed to state a claim under 1962(a).

So, too, has he failed to state a claim under 1962(b), which requires a plaintiff to show that his injuries "were proximately caused by a RICO person gaining an interest in, or control of, the enterprise through a pattern of racketeering activity." *Id.* at 357. Nowhere does Conry allege or show facts that his injuries were caused by Daugherty maintaining or expanding his interest in

his "enterprise," the Herb Import Company.

To succeed on a Rule 59(e) motion, Conry must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross*, 426 F.3d at 763. He has done neither, but has instead rehashed old evidence and arguments previously discussed and decided. And without alleging damages within the scope of one of the Section 1962 subsections, Conry has again failed to state a claim.

### 2. Rule 60(b)

Though Conry's citation to Rule 60(b) is imprecise, his arguments seem to concern the third subpart. The Court will therefore examine his motion under that portion of the Rule.

Rule 60(b)(3) allows the Court to relieve a party from an order on grounds of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). To obtain relief under this provision, a party "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). This provision "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131,

156 (5th Cir. 2004) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). The moving party has the burden of proving the misconduct by clear and convincing evidence. *Hesling*, 396 F.3d at 641. In deciding a Rule 60(b) motion, the Court must "balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Id.* at 638.

Conry has not established by clear and convincing evidence that Daugherty actually engaged in the fraud alleged. Nor has he either alleged or provided evidence that any fraud by Daugherty prevented him from presenting his case to this Court. Conry has therefore failed to meet his burden.

### III. MOTION FOR LEAVE TO AMEND COMPLAINT

Conry has requested leave to amend his complaint "to clarify the time line, the twenty-two predicate acts, and the five schemes,"[8] and requests "guidance as to what [else] is lacking."[9] In the Fifth Circuit, when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Federal Rule of Civil Procedure 15 with permission from the court. *United States* ex rel. *Hebert v. Dizney*, 295 Fed. Appx. 717, 724 (5th Cir. 2008); *Rosenzweig v.*

---

[8] R. Doc. 50-1 at 10-11.

[9] R. Doc. 55 at 6.

*Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003). "When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Hebert,* 295 Fed. Appx. at 724; *Rosenzweig*, 332 F.3d at 865. Here, the Court dismissed the federal action with prejudice.[10] *Cf. Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992) (noting that a dismissal with prejudice may indicate an intent to terminate the action, not merely dismiss the complaint). But because Conry timely filed a motion to reconsider,[11] the Court will consider his request for leave to amend.

Although plaintiff's post-dismissal motion to amend must be treated as a motion under Rule 59(e), not Rule 15(a), the Fifth Circuit has held that when "judgment has been entered on the pleadings ... the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a)." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981).

---

[10] R. Doc. 49.

[11] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court entered judgment dismissing plaintiff's federal claims with prejudice on June 22, 2011. Plaintiff filed this motion for reconsideration on July 15, 2011, within 28 days of judgment. His motion is therefore timely.

11

*See also Rosenzweig*, 332 F.3d at 864. Thus, under these circumstances, the considerations for a Rule 59(e) motion to amend are governed by Rule 15(a).

While courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend is not automatic or granted in every case. *See Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). Instead, leave to amend falls within the discretion of the district court, and the court may deny amendment for substantial reasons such as undue delay, bad faith or dilatory motive, failure to cure deficiencies, undue prejudice to the defendant, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Conry argues that he "can allege that Daugherty regularly conducts business with people the way he did with Plaintiff, and had built his small empire of marijuana dispensaries, head shops, and rental properties through fraudulent flipping transactions."[12] Yet he has not submitted a proposed amended complaint, nor provided the Court any reason to believe that amendment will cure other defects in his pleadings - particularly given his repeated and consistent failure to allege an injury cognizable under Sections 1962(a) or (b). To date, Conry has filed a complaint, an amended complaint, a motion to strike

---

[12]   R. Doc. 50-1 at 10.

defendants' motion for judgment on the pleadings, a response to defendants' motion, a motion to reconsider the Court's order of dismissal, a reply brief in support of that motion and numerous other filings, not one of which has hinted at facts that would entitle him to relief. Amendment in this case would certainly be futile.

Further, Conry has acted with undue delay, neglecting to amend his complaint for a second time until after the Court's order dismissing his action. Indeed, "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim," *Rosenzweig*, 332 F.3d 854 at 865 (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)), especially when such theories are merely old ideas in new clothes. The Court therefore denies plaintiff's request for leave to amend.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider and request for leave to amend is DENIED.

New Orleans, Louisiana, this 11th day of October, 2011.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE